RECEIVED

OCT - 9 2025

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**COMPLAINT**

**Special Appearance** – Aboriginal Owner, Without Prejudice UCC §1-308

**I. Parties**

*Ysracl-bey, Parahkiggh*

1. Complainant is the Aboriginal Owner of the land commonly known as 1 singing pines drive, standing upon the land, not a U.S. citizen or corporate entity. Heir to We the People of the Constitution for the United States of America, Article 1, Section 2, Clause 3, Indians not Taxed.

2. Respondent is Guild Mortgage/ Guild Holdings/ Guild Servicing, who claims adverse interest in said property through an alleged deed of trust and foreclosure proceedings.

**II. Jurisdiction and Status**

3. The Court of Record is bound to recognize Aboriginal rights and standing. See Worcester v. Georgia (1832); UNDRIP Articles 26 & 40.

4. The undersigned appears by special appearance only, not consenting to general jurisdiction.

**III. Facts**

5. On December 12, 2024, Complainant executed a negotiable instrument styled as a 'note.'

6. Respondent has failed to establish standing as holder in due course under UCC §§3-301, 3-302.

7. On or about March 26, 2025 Complaintant gave notice of a Billing Error stating the promissory note tendered in the full amount for valuable consideration. Respondent replied with a copy of the note. On June 18, 2025, Complainant issued another Billing Error Notice and Demand for Production, requiring the original note, verified accounting, and financial records. Respondent requested 30 days to respond each time.

8. Respondent failed to produce said documents now 92 days and counting, thereby entering dishonor under UCC §3-501.

9. On January 30, 2025, Complainant filed a Revocation of Deed of Trust in the public record. Notice was mailed via Post Office to Respondent. Respondent acknowledge reciept on March 28, 2025 via email.

10. Notices of Default, Non-Response, and Estoppel by Silence were duly served and unrebutted.

11. Respondent nevertheless continues to pursue foreclosure by non-judicial means, absent lawful standing.

12. Respondent shared information with non affiliate third party in dishonor of written request to OPT-Out 15 USC ss 6802. Respondent continutes to share information with non affilates, harrassing, oppressing, calling, visiting, harming my reputation and property. 15 USC ss 1692d.

13. Complainant has tendered Federal Reserve Notes in excess of $10,000 under threat, duress, and coercion of foreclosure. Said funds were obtained without valid consideration.

**IV. Causes of Action**

Count 1 – Lack of Standing: Respondent is not the holder in due course of the alleged note. Count 2 – Fraud and Dishonor: By failing to disclose, produce records, or cure billing error, Respondent has engaged in fraud, dishonor, and misrepresentation. Count 3 – Unlawful Conversion of Funds: By coercing payment of over $10,000 absent valid claim, Respondent committed conversion and unjust enrichment.

Count 4 – Violation of Aboriginal Rights and Due Process: Attempted foreclosure without lawful standing violates Aboriginal sovereignty, 42 U.S.C. §1982, and Due Process protections.

## V. Prayer for Relief

**WHEREFORE**, Complainant respectfully demands:

1. That foreclosure proceedings be dismissed for lack of standing and jurisdiction;

2. That Respondent return all Federal Reserve Notes tendered under duress, plus interest;

3. That title stands as vested in the Aboriginal Owner, free and clear of adverse claims;

4. Such other relief as the Court deems just and proper.

Respectfully submitted,

yisrael-bey, parahkiyah©, Aboriginal Owner, Sui Generis

P.O. Box 1555
ST. Louis, MO 63188